[No. C055693. Third Dist. June 6, 2008.]

In re LORENZO L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
LORENZO L., Defendant and Appellant.

## COUNSEL

Syda Kosofsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Dawn S. Mortazavi, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**MORRISON, J.**—Minor Lorenzo L. admitted that he was within the provisions of Welfare and Institutions Code section 602 in that he committed kidnapping (Pen. Code,[1] § 207), street terrorism (§ 186.22, subd. (a)), and assault with a deadly weapon and by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)). He admitted that he personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)) in the commission of the assault. In exchange, nine counts and allegations were dismissed with a *Harvey* waiver.[2] The minor was committed to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities (DJF),[3] for a period not to exceed nine years eight months and was awarded 386 days of predispositional credit.[4] He was ordered to make restitution to the victims and to pay a $100 restitution fine (Welf. & Inst. Code, § 730.6), a $100 fine to the San Joaquin County General Fund, and a $197.50 penalty assessment (§ 1464). The juvenile court ordered the minor to submit to a psychological evaluation, which was performed shortly thereafter.

On appeal, the minor contends the juvenile court erred by (1) failing to award him predispositional credit for 28 days he spent in an electronic monitoring program (EMP), (2) failing to continue the dispositional hearing so that the psychological evaluation could be considered, (3) failing to grant his request for participation in a tattoo-removal program, and (4) failing to determine his special educational needs. He lastly contends the general fund fine and penalty assessment must be stricken because they were not orally imposed. We shall affirm the judgment and order correction of the dispositional order.

### FACTS[5]

In September 2006, Lodi police officers observed the minor driving and "doing 'donuts' " in a truck. When questioned by police, the minor admitted that he had consumed beer several hours before he drove the truck.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396].

[3] "Since July 1, 2005, the Department of Youth Authority has been renamed 'the Department of Corrections and Rehabilitation, Division of Juvenile Facilities.' ([Welf. & Inst. Code,] § 1703, subd. (c).)" (*In re Lemanuel C.* (2007) 41 Cal.4th 33, 37, fn. 2 [58 Cal.Rptr.3d 597, 158 P.3d 148].)

[4] The first page of the dispositional form erroneously specifies a maximum confinement period of *eight* years eight months. The second page correctly lists confinement periods for each offense totaling *nine* years eight months. We shall direct the juvenile court to correct the form and forward a certified copy to DJF.

[5] Because the minor admitted the allegations, our statement of facts is taken from the dispositional report.

Later that month, Juan Cardenas and Pablo Ramos walked toward a bus stop. The minor and two companions drove past them yelling "Norte" and exhibiting gang signs. Shortly thereafter, Cardenas and Ramos saw the minor and one companion approaching them with knives. The minor and the companion began to fight Cardenas and Ramos. The minor fought Cardenas and knocked him to the ground while the companion fought Ramos. When the companion stabbed Ramos, the minor fled and jumped into a car occupied by Nicholaus Baillie and Ryan P. He told them that he had "just stabbed three scraps" and demanded that they take him to the companion's house. The minor told Baillie and Ryan that he would find them if they spoke with the police.

Lodi police officers detained the minor. He admitted being a Norteño gang member representing "South Side Lodi." He also claimed he had gotten into a fight with members of the Sureños gang.

## DISCUSSION

### I

The minor contends the juvenile court erred by failing to award him predispositional credit for 28 days he spent in an electronic monitoring program at his residence. We are not persuaded.

■ "[A] minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. [Citations.] It is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty. [Citations.]" (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067 [11 Cal.Rptr.3d 85].)

In *In re Randy J.* (1994) 22 Cal.App.4th 1497 [28 Cal.Rptr.2d 152], this court held that, "[u]nder [*In re Eric J.* (1979) 25 Cal.3d 522 [159 Cal.Rptr. 317, 601 P.2d 549], the minor] is entitled to credit against subsequent *physical confinement* only for earlier *physical confinement*. [Welfare and Institutions Code section] 726 specifically defines 'physical confinement' as excluding time not spent in a secure facility. [Citations.]" (*Id.* at p. 1505, original italics.)

Specifically, Welfare and Institutions Code section 726, subdivision (c), provides in part: " 'Physical confinement' means placement in a juvenile hall,

ranch, camp, forestry camp or secure juvenile home pursuant to Section 730, or in any institution operated by the Youth Authority."

The minor claims the foregoing is "not an exhaustive list," citing *In re Mikeal D.* (1983) 141 Cal.App.3d 710 [190 Cal.Rptr. 602], which provides him only scant support. *Mikeal D.* rejected the Attorney General's argument that the list was exhaustive. (*Ibid.*) But the placement the court effectively added to the list was *county jail,* on the rationale that "there is hardly anything more physically confining than jail." (*Id.* at p. 721.)

The minor offers no rationale for concluding that a residence equipped with an electronic monitor is "physically confining." (*In re Mikeal D., supra,* 141 Cal.App.3d at p. 721.) He does not claim that the monitor activated or triggered any sort of *physical* barrier related to the residence. An ordinary electronic monitoring system is a notification device, not a physical barrier. Any confinement thus created is psychological, rather than physical. We reject the minor's evident contention that *any* placement may be "physical confinement," so long as it imposes some "restraint not shared by the general public."

█ It is not necessary to decide whether an adult is entitled to presentence credit for time spent on electronic monitoring following the sunset of an amendment to section 2900.5 that had specifically allowed credit for time spent on a "home detention program in lieu of imprisonment in a county jail," but had not defined placement in such a program as "physical confinement" within the meaning of Welfare and Institutions Code section 726. (Stats. 1994, ch. 770, §§ 6 & 7, pp. 3853–3854; but see *People v. Anaya* (2007) 158 Cal.App.4th 608 [70 Cal.Rptr.3d 47] [adult on home detention following sunset not entitled to credit].) As we have explained, the equal protection principles of *In re Eric J., supra,* 25 Cal.3d 522, entitle a minor to credit against subsequent physical confinement *only for earlier physical confinement. (In re Randy J., supra,* 22 Cal.App.4th at p. 1505.) Because the minor's electronic monitoring was not physical confinement, it does not entitle him to credit against his subsequent confinement. (*Ibid.*)

II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 1076.

## DISPOSITION

The $197.50 penalty on the general fund fine is vacated and the juvenile court is directed to impose an appropriate penalty. In all other respects, the judgment is affirmed. The court is directed to correct its dispositional order to specify a maximum confinement period of nine years eight months and to identify the statutory components of the penalty on the general fund fine. The court shall forward a certified copy of the corrected order to the Division of Juvenile Facilities.

Raye, Acting P. J., and Cantil-Sakauye, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 10, 2008, S164907.