Filed 1/27/14  In re Rolando M. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ROLANDO M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROLANDO M.,<br><br>Defendant and Appellant. | F067185<br><br>(Super. Ct. No. JJD065325)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Jennifer Conn Shirk, Judge.

Carol A. Koenig, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Kane, J., and Poochigian, J.

The court continued appellant, Rolando M., as a ward of the court after appellant admitted allegations charging him with violating his probation. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 20, 2011, appellant and another male juvenile broke into a home in Shafter, ransacked the interior, and took a Nintendo game console.

On January 26, 2012, the Kern County District Attorney filed a petition charging appellant with residential burglary (Pen. Code, § 460, subd. (a)) and misdemeanor vandalism (Pen. Code, § 594, subd. (b)(2)(A)).

On February 29, 2012, after appellant admitted the residential burglary charge, the vandalism charge was dismissed, the matter was transferred to Tulare County for disposition, and appellant was released to the custody of his mother. That evening, appellant and several other juveniles took a toy vending machine from a business in Earlimart. Appellant was arrested on March 1, 2012.

On March 5, 2012, the Tulare County District Attorney filed a petition charging appellant with grand theft (Pen. Code, § 487, subd. (a)).

On April 12, 2012, appellant admitted the grand theft charge.

On April 26, 2012, the court placed appellant on probation and committed him to the Tulare County Youth Correctional Center Unit for 365 days.

On May 2, 2012, the court set appellant's maximum term of confinement at seven years eight months.

On January 4, 2013, appellant completed the residential phases of the Long Term Program and was released to aftercare on a GPS monitor. Appellant, however, did not enroll in or attend North Kern Community School after his release, as he was required to do by his conditions of probation.

On January 15, 2013, appellant's mother reported that appellant absconded from her residence with a known gang member and his whereabouts were unknown.

When detained on January 29, 2013, appellant was wearing a belt with an "N" on the buckle, which is a type of buckle commonly worn by Norteño gang members. Additionally, appellant admitted that he consumed alcohol when he was not staying at his mother's house.

On March 15, 2013, the probation officer filed a petition alleging that appellant violated his probation by absconding from his parent's residence on January 12, 2013, failing to enroll in school and attend daily, associating with known gang members, possessing gang indicia, and consuming alcohol.

On March 25, 2013, appellant admitted violating his probation.

On April 15, 2013, the court set appellant's maximum term of confinement at eight years two months and committed him to the Tulare County Youth Correctional Center Unit for 240 to 365 days.

Appellant's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing. However, our review of the record disclosed that the court erred in its award of predisposition custody credit.

According to appellant's probation report, appellant was in predisposition custody between March 4, 2011, and April 9, 2013, the original date of appellant's disposition hearing, a total of 448 days as follows:

3/04/2011 through  3/25/2011 -  26 days

3/25/2011 through  3/29/2011 -   5 days

4/13/2011 through  4/22/11  -    10 days

6/07/2011 through 6/08/2011 -    2 days

3

3/01/2012 through 1/04/2013 - 309 days

1/04/2013 through 1/29/2013 -   25 days

1/29/2013 through 4/09/2013 -   71 days

Based on the probation department's calculations, at appellant's disposition hearing on April 15, 2013, the court added six additional days and awarded appellant a total of 454 days of predisposition custody credit. However, the department's calculation of predisposition credit is wrong for the following reasons.

The probation department gave appellant predisposition credit of 31 days for his time in custody from March 4, 2011, through March 29, 2011, even though he was only in custody 26 days during that period of time. Further, from March 1, 2012, through January 4, 2013, appellant was in custody 310 days,[1] not 309 days. Additionally, the probation department gave appellant credit for 25 days of predisposition credit for January 4, 2013, through January 29, 2013. However, appellant was released on the electronic monitor on January 4, 2013, and he absconded from his home and remained at large until he was arrested on January 29, 2013. Appellant was not entitled to predisposition custody credit for the time he served on the electronic monitor (*In re Lorenzo L.* (2008) 163 Cal.App.4th 1076, 1079-1080) or for the time that he was out of custody at large (*id*. at p. 1079). Thus, the court erred in awarding appellant 24 days of predisposition credit for January 5, 2013, through January 28, 2013, because he was not in custody on those days. Further, from January 29, 2013, through April 15, 2013,

---

[1]     Appellant was in custody 31 days during each of six different months in 2012 (March, May, July, August, October, and December) and 30 days during each of four months in 2012 (April, June, September, and November) and four days from January 1, 2013, through January 4, 2013, for a total of 310 days (6 x 31 days = 186 days; 4 x 30 days = 120 days; 186 days + 120 days + 4 days  = 310 days).

4

appellant was in custody 77 days.**2**  Thus, including the 10 days appellant was in custody from April 13, 2011, through April 22, 2011, and the 2 days he was in custody from June 7, 2011, through June 8, 2011,**3** appellant was entitled to a total of 425 days of predisposition custody credit.**4**

Further, following an independent review of the record we find that with the exception of the credit issues discussed above, no reasonably arguable factual or legal issues exist.

## DISPOSITION

Appellant's award of predisposition credit is reduced from 454 days to 425 days and the trial court is directed to correct its paperwork accordingly.  As modified, the judgment is affirmed.

---

**2**     Appellant was in predisposition custody 3 days from January 29, 2013, through January 31, 2013, 28 days in February 2013, 31 days in March 2013 and 15 days in April 2013 for a total of 77 days (3 days + 28 days + 31 days + 15 days = 77 days).

**3**     In a letter brief filed at our invitation appellant contends he may have served a day in custody on June 9, 2011.  However, our review of the record disclosed that appellant was cited and released on that date for possessing a lighter on a school campus.

**4**     26 days + 10 days + 2 days + 310 days + 77 days = 425 days.