Filed 11/19/20  In re J.D. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.D., a Person Coming Under the Juvenile Court Law. | C089440 |
| THE PEOPLE, | (Super. Ct. No. JV137971) |
| Plaintiff and Respondent, | |
| v. | |
| J.D., | |
| Defendant and Appellant. | |

Minor J.D. was adjudged a ward of the Sacramento County Juvenile Court and committed to the Department of Corrections and Rehabilitation, Division of Juvenile

1

Facilities (DJF). On appeal, the minor contends (1) the final dispositional order must be corrected to accurately reflect the minor's custody credits, (2) probation conditions must be stricken from the final dispositional order because defendant was confined to DJF and was not subject to probation conditions imposed by the juvenile court, and (3) a clerical error in the juvenile court's dispositional order must be corrected.

We will strike the probation conditions and direct the juvenile court to award the minor 185 days of predisposition custody credit, but no credit for days on electronic monitoring or in a juvenile work project. We will also direct the juvenile court to correct a clerical error regarding the amount of restitution fines. We will otherwise affirm the adjudication order.

BACKGROUND

The Sacramento County District Attorney filed an amended petition under Welfare and Institutions Code section 602,[1] alleging the minor committed one count of residential burglary (Pen. Code, § 459 -- count 1) and two counts of possessing or receiving stolen property (Pen. Code, § 496, subd. (a) -- counts 2 and 3). The minor admitted counts 1 and 3 of the amended petition and the juvenile court dismissed count 2 in the interests of justice. The juvenile court deferred entry of judgment pursuant to section 790 and ordered restitution of $2,392.40.

Thereafter, the district attorney filed a subsequent petition (the first subsequent petition) under section 602 alleging the minor committed one count of assault by means of force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4) -- count 1) and one count of resisting and obstructing a peace officer (Pen. Code, § 148, subd. (a)(1) -- count 2), a misdemeanor. The juvenile court found that the minor had failed to comply with the terms of his deferred entry of judgment, sustained counts 1 and 3 of the amended

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

petition, and found the minor to be a person described in section 602. As to the first subsequent petition, the minor admitted an amended charge in count 1, battery with serious bodily injury (Pen. Code, § 243, subd. (d)), a felony, as a reasonably related offense. The juvenile court dismissed count 2 in the interests of justice with the understanding that it could consider the facts of that charge as part of the disposition. The juvenile court declared the minor to be a ward and ordered him to serve 45 days in juvenile hall with credit for 32 days. Upon completion of his confinement in juvenile hall, the juvenile court placed the minor with his mother, and ordered him to complete 60 days on electronic monitoring, plus 15 days in the Juvenile Work Project. The juvenile court subsequently ordered restitution in the amount of $1,765.10.

The district attorney filed another subsequent petition (the second subsequent petition) under section 602 alleging that the minor had unlawfully possessed a semiautomatic handgun (Pen. Code, § 29610). The prosecutor gave notice (§ 777) that the minor had violated prior orders of the juvenile court by unlawfully possessing a firearm and possessing marijuana and paraphernalia. The minor admitted the second allegation set forth in the notice, that he had possessed marijuana and paraphernalia. The first allegation in the notice as well as the second subsequent petition were dismissed in the interests of justice. The juvenile court continued the minor's status as a ward, ordered him to spend 38 days in juvenile hall with credit for 38 days, and reinstated all prior orders.

The district attorney filed another subsequent petition (the third subsequent petition) under section 602 alleging that the minor had committed three counts of assault with a firearm (Pen. Code, § 245, subd. (a)(2) -- counts 1-3). The minor admitted violating section 246 of the Penal Code, shooting at an inhabited dwelling, as a reasonably related offense to count 1 in the third subsequent petition. The juvenile court dismissed counts 2 and 3 in the interest of justice. The juvenile court found the minor to be a person described within the meaning of section 602 and entered a disposition order

committing him to the DJF. In addition to committing the minor to DJF, the juvenile court included in its disposition order three "no contact" provisions and a number of terms it described as "General Conditions of Probation." The juvenile court aggregated confinement time for all sustained petitions and set the maximum term of confinement at nine years four months, recognizing that confinement would not exceed the statutory limitation for terminating jurisdiction when the minor attains the age of 25 (§ 731, subd. (c)). The juvenile court awarded custody credits in the amount of 112 days.

DISCUSSION

I

The minor contends the juvenile court erroneously calculated his custody credits for all sustained petitions in the final disposition order. He also claims he should be awarded credit for his time at home on electronic monitoring and in a juvenile work program. The Attorney General agrees the juvenile court failed to properly calculate the minor's actual credit for his time in custody, but argues the minor is not entitled to credit for time spent at home on electronic monitoring or in the juvenile work program. We agree with the Attorney General.

The juvenile court made the following custody credit determinations. On January 13, 2017, the juvenile court deferred entry of judgment on the amended petition and awarded three days of credit for time in juvenile hall. The record reflects the minor was detained for one day on April 4, and then again on April 13 and 14, 2016, for a total of three days. On June 19, 2017, the juvenile court terminated deferred entry of judgment and entered a dispositional order covering both the amended petition and the first subsequent petition. The juvenile court ordered the minor to serve 45 days in juvenile hall with credit for 32 days served. This total reflected the minor's actual days in custody from his arrest on May 19 through the June 19, 2017 disposition. On March 20, 2018, the juvenile court entered a dispositional order after the minor's admission to an allegation in the notice. As part of that dispositional order, the juvenile court ordered the

4

minor detained in juvenile hall for 38 days with credit for 38 days.  The minor was taken into custody on February 10, 2018.  Thus, that disposition order did not include the minor's custody time on the prior petitions.  On March 5, 2019, the juvenile court entered a disposition order on the third subsequent petition.  The minor was taken into custody on that petition on November 14, 2018, and remained there until the disposition hearing.  The juvenile court awarded 112 days of custody credit for that time.

" '[W]hen a juvenile court elects to aggregate a minor's period of physical confinement on multiple petitions . . . the court must also aggregate the predisposition custody credits attributable to those multiple petitions.'  [Citations.]"  (*In re A.M.* (2014) 225 Cal.App.4th 1075, 1085-1086.)  Here, when the juvenile court committed the minor to DJF and aggregated the sustained petitions to calculate his maximum term of confinement, the juvenile court failed to also aggregate his predisposition credit attributable to those prior petitions.  The juvenile court should have set the minor's custody credits at 185 days for the prior sustained petitions.  The minor and the Attorney General agree with this calculation of custody credits but disagree as to whether the minor should receive additional credits for his time at home on electronic monitoring and in a juvenile work program.

Section 726, subdivision (d)(1) provides:  "If the minor is removed from the physical custody of his . . . parent . . . as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense . . . which brought . . . the minor under the jurisdiction of the juvenile court."  As explained in *In re Eric J.* (1979) 25 Cal.3d 522, 533-536, "a minor is entitled to credit for any time spent in physical confinement *not* through direct application of Penal Code section 2900.5 or via equal protection concepts but as an interpretation of legislative intent behind the expression 'maximum term of imprisonment which could be imposed upon an adult' in section 726 *where the statute is*

*otherwise silent* on the question of custody credits." (*In re Randy J.* (1994) 22 Cal.App.4th 1497, 1503, original italics (*Randy J.*).)  Moreover, section 726 specifically defines "physical confinement" as excluding time not spent in a secure facility.  (*Randy J.,* at p. 1505.)

While the minor's liberty was restricted by wearing an electronic monitor, his home did not qualify as a secure placement within the meaning of section 726.  Indeed, this court's prior opinion, *In re Lorenzo L.* (2008) 163 Cal.App.4th 1076, forecloses the minor's claim.  There, the minor alleged that the juvenile court failed to award him predisposition credit for time he was confined to his residence on electronic monitoring. (*Id.* at pp. 1079-1080.)  This court disagreed, reasoning that "[b]ecause the minor's electronic monitoring was not physical confinement, it does not entitle him to credit against his subsequent confinement."  (*Id.* at p. 1080.)  The minor's reliance on cases applying the custody credit scheme for adults sentenced under the Penal Code is thus misplaced.  We continue to adhere to our prior opinions addressing this argument and conclude that the minor is not entitled to credit for the days he participated in the electronic monitoring program.  (Cf. *Randy J., supra*, 22 Cal.App.4th at p. 1505 [minor not entitled to credit for time he spent under home arrest].)

Similarly, the minor is not entitled to custody credit for any time he spent in a juvenile work program.  The minor asserts he is entitled to 25 days of credit for his time spent in a juvenile work project program based on the January 13 and June 19, 2017, disposition orders.  But the juvenile work project program time was not time spent in a secured facility, as indicated by the juvenile court's orders directing the minor and his parent to contact the work program office and arrange a schedule for work projects while the minor was released to the custody of his parent.

Therefore, for the reasons we have discussed *ante*, the juvenile work program does not constitute physical confinement under section 726 and the minor is not entitled to

custody credit for that time.  (See *In re Lorenzo L., supra*, 163 Cal.App.4th at p. 1080; *Randy J., supra*, 22 Cal.App.4th at p. 1505.)

## II

Defendant next contends that because the juvenile court committed him to the DJF, the probation conditions in the juvenile court's disposition order must be stricken. The Attorney General agrees, and so do we.

Once a ward is committed to DJF, the juvenile court no longer has authority to impose conditions of probation.  (*In re Edward C.* (2014) 223 Cal.App.4th 813, 829.) "The imposition of probationary conditions constitutes an impermissible attempt by the juvenile court to be a secondary body governing the minor's rehabilitation."  (*In re Allen N.* (2000) 84 Cal.App.4th 513, 516 [striking no contact orders].)  Because the responsibility to supervise the minor's rehabilitation rests with DJF, the juvenile court erred by imposing additional "no contact" provisions and general probation conditions. (*Id.* at p. 516.)  Accordingly, those conditions must be stricken.

## III

The minor further claims there is a clerical error in the juvenile court's final dispositional order regarding the amount of the restitution fines.

On January 13, 2017, after the minor admitted counts 1 and 3 of the amended petition, the juvenile court deferred entry of judgment and imposed but stayed a $200 restitution fine.  Thereafter, on June 19, 2017, when the juvenile court terminated deferred entry of judgment and entered a dispositional order covering both the amended petition and the first subsequent petition, the juvenile court imposed a restitution fine for the felony offense sustained in the subsequent petition, specified as item 11, in the amount of $100.  The juvenile court also carried over the restitution fine from the amended petition, specified as item 12; however, the juvenile court stated that amount was $125, rather than the $200 amount previously imposed but stayed, thereby orally indicating total restitution fines of $225.  When the juvenile court entered the final

7

disposition order on March 5, 2019, it imposed an additional restitution fine of $100 for the felony allegation in the third subsequent petition and stated that the minor was still responsible for the prior restitution fines. But the juvenile court's written order listed the prior restitution fines as $325 (item 5), plus $100 for the new felony (item 6), for a total of $425.

We agree with the minor that there appears to be a clerical error. The juvenile court's June 19, 2017 order indicated total restitution fines of $225, referencing $125 on the amended petition and $100 on the first subsequent petition. Even if we were to accept the Attorney General's argument that by listing this total as $325 in its March 5, 2019 order, the juvenile court intended to reinstate its previous $200 restitution order from January 13, 2017 on the amended petition, the math does not add up. It is not possible to arrive at a total of $325 or $425 even if we accept the Attorney General's argument. Further, nothing in the juvenile court's oral pronouncement or written order references an intent to change the restitution on the amended petition.

The juvenile court's June 19 oral pronouncement indicated restitution fines totaling $225. Oral pronouncements of the juvenile court govern over any discrepancies found in the applicable minute order. (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) Accordingly, we will direct the juvenile court to correct the March 5 dispositional order to reflect total restitution fines of $325.

### DISPOSITION

The no contact orders and general terms of probation in the juvenile court's final dispositional order are stricken. The juvenile court is directed to correct the dispositional order to reflect restitution fines totaling $325, and to modify the order to reflect 185 days of actual predisposition custody credit to be credited against the minor's maximum period of physical confinement. The juvenile court is further directed to amend its records accordingly and to forward copies of all such pertinent documents to the Department of

Corrections and Rehabilitation, Division of Juvenile Facilities.  In all other respects, the adjudication order is affirmed.

                                                 _____/S/_____
                                                 MAURO, J.

We concur:

_____/S/_____
RAYE, P. J.

_____/S/_____
BLEASE, J.