Filed 8/18/25  P. v. J.T. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.T.,<br><br>    Defendant and Appellant. | 2d Crim. No. B336584<br>(Super. Ct. No. CM0206B)<br>(Los Angeles County) |

J.T. appeals an order of the juvenile court declaring him a ward pursuant to Welfare and Institutions Code section 602 and ordering him suitably placed in an open facility.[1]  This appeal concerns J.T.'s request that we independently review the confidential personnel materials examined by the court during an in-camera hearing of his *Brady/Pitchess* motion.  (*Brady v. Maryland* (1963) 373 U.S. 83; *Pitchess v. Superior Court* (1974)

---

[1] All statutory references are to the Welfare and Institutions Code unless stated otherwise.

11 Cal.3d 531.)  J.T. also asserts that the court erred by delegating his counsel to determine predisposition credits.

We remand the matter and order the juvenile court to calculate J.T.'s predisposition credits from all sustained petitions against his maximum term of confinement, and prepare an amended minute order.  We otherwise affirm.

*FACTUAL AND PROCEDURAL HISTORY*

On May 26, 2023, the Los Angeles County District Attorney charged J.T. with felony possession of a handgun by a minor, and felony unregistered firearm concealed on the person.  (§ 602; Pen. Code, §§ 29610, subd. (a), 25400, subds. (a)(2) & (c)(6).)

On August 3, 2023, J.T. filed a *Brady/Pitchess* motion for discovery of Los Angeles Sheriff's Deputy Juan Sanchez's personnel file.  J.T.'s counsel stated that the prosecutor had informed him earlier that Sanchez's personnel file might contain discoverable information bearing on exculpatory evidence or Sanchez's credibility.

During two days in August 2023, the juvenile court held an in-camera hearing to review Sanchez's personnel files.  The court ordered disclosure of one complaint pursuant to *Brady/Pitchess* standards.

On December 20, 2023, the juvenile court held an adjudication hearing.  Sanchez testified that on April 8, 2023, he and his partner responded to a loud party and guests-with-firearms complaint.  When they arrived, they saw J.T. and another minor run from the back door of the residence hosting the party.  Sanchez saw J.T. run behind a pillar and mailbox where he discarded an item.  The deputies then recovered an operable firearm from the area.  Body camera and doorbell

camera videos of the incident were admitted into evidence at the adjudication hearing.

On December 20, 2023, the juvenile court sustained the felony allegations of the section 602 petition, reduced the allegations to misdemeanors, and declared J.T. a ward of the court. On March 19, 2024, the court ordered that J.T. be suitably placed at Rancho San Antonio, an open facility. The court also ordered that J.T. not be held in physical confinement for more than 14 months minus one day and that his predisposition credits be determined by his counsel.

*DISCUSSION*

*I.*

J.T. requests that we independently review the in-camera hearing and sealed personnel records of Deputy Sanchez to determine whether the trial court failed to disclose all relevant and discoverable information contained within the files pursuant to *Brady v. Maryland*, *supra*, 373 U.S. 83, and *Pitchess v. Superior Court*, *supra*, 11 Cal.3d 531.

A defendant must establish good cause for discovery of a police officer's confidential personnel records that contain information relevant to the defense. (*Pitchess v. Superior Court*, *supra*, 11 Cal.3d at pp. 537-538.) Good cause is a " 'relatively low threshold' " and requires a showing that 1) the personnel records are material to the defense, and 2) a stated reasonable belief that the records contain the type of information sought. (*People v. Thompson* (2006) 141 Cal.App.4th 1312, 1316.) Good cause contemplates "a logical link between the defense proposed and the pending charge." (*Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1021.)

3

When the trial court finds good cause and conducts an in-camera review pursuant to *Pitchess*, it must make a record that will permit future appellate review. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229.) A court reporter should memorialize the statements made by the custodian of the police personnel records and any questions asked by the court. (*Ibid.*) The court may photocopy the documents provided by the custodian, prepare a list of the documents considered, or "simply state for the record what documents it examined." (*Ibid.*) The court is afforded "wide discretion" in ruling on a motion for access to law enforcement personnel records. (*People v. Nuno* (2024) 105 Cal.App.5th 1030, 1055; *People v. Yearwood* (2013) 213 Cal.App.4th 161, 180 [decision will be reversed only on a showing of abuse of discretion].)

Our review of the sealed transcript of the in-camera hearing reveals that the trial court did not abuse its discretion during its review of matters within Sanchez's personnel file. The court properly conducted the *Pitchess* hearing and prepared a sufficiently detailed record for appellate review. The sealed personnel documents within Sanchez's file, other than the one complaint disclosed, are not subject to disclosure as exculpatory or bearing on witness credibility. (*Warrick v. Superior Court*, *supra*, 35 Cal.4th 1011, 1021.) Likewise, the court properly found the personnel file did not contain any evidence favorable to defendant's guilt or punishment. (*Brady v. Maryland*, *supra*, 373 U.S. 83, 87.)

## II.

J.T. contends that the juvenile court improperly delegated its duty to calculate his predisposition credits when it directed defense counsel to do so. J.T. points out that he accrued credits

4

in connection with a previously sustained section 602 petition as well as for custodial time spent in juvenile hall prior to the present disposition hearing.

The Attorney General responds that it is not necessary to calculate J.T.'s predisposition credit because he is not currently subject to physical confinement.  (§ 726, subd. (d)(5) [defining "physical confinement" as placement in secure facility]; *In re Lorenzo L.* (2008) 163 Cal.App.4th 1076, 1079-1080.)  We disagree.

It is well settled that a minor is entitled to credit for earlier physical confinement against his subsequent physical confinement.  (*In re A.M.* (2014) 225 Cal.App.4th 1075, 1085-1086 [juvenile court must calculate and award predisposition custody credits for multiple petitions]; *In re Lorenzo L.*, *supra*, 163 Cal.App.4th 1076, 1079-1080.)  At a disposition hearing, the juvenile court must calculate the credits for predisposition time spent in custody.  *(Lorenzo L.*, at p. 1079.)  The court may not delegate this duty.  (*In re A.M.*, at pp. 1085-1086.)

*DISPOSITION*

We remand the matter and direct the juvenile court to calculate J.T.'s predisposition credits from all sustained petitions against his maximum term of confinement and then prepare an amended minute order.  The order is otherwise affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


BALTODANO, J.        CODY, J.

5

Sabina A. Helton, Judge
Sharonda Bradford, Commissioner

Superior Court County of Los Angeles

_____

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jonathan J. Kline and Megan Moine, Deputy Attorneys General, for Plaintiff and Respondent.