Filed 12/9/25  P. v. Ian W. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B341843 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SJ0474A) |
| v. | |
| IAN W., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David Yaroslavsky, Judge.  Affirmed as modified.

Anna Rea, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, Megan Moine, Deputy Attorney General, for Plaintiff and Respondent.

After finding Ian W. committed the offenses of stalking and making a criminal threat, in violation of Penal Code sections 646.9. subdivision (a), and 422, subdivision (a), the juvenile court declared Ian a ward of the court under Welfare and Institutions Code section 602 and placed him on home probation. The court recited various terms and conditions of probation (which Ian accepted), set a maximum period of confinement of two years, and awarded Ian one day of credit. Ian appeals from the disposition order, asking only that we strike the two-year maximum period of confinement.

As the People concede, Ian's appeal has merit. When the juvenile court does not remove the minor from the custody of his or her parents, the court cannot specify a maximum term of confinement. (*In re G.C.* (2020) 8 Cal.5th 1119, 1129; see *In re P.A.* (2012) 211 Cal.App.4th 23, 32 [juvenile court should "decline to state any term of confinement" if "the minor is not removed from his parents' custody"]; *In re Matthew A.* (2008) 165 Cal.App.4th 537, 541 [where the minor is "not removed from his [parents'] physical custody," the "necessary predicate for specifying a term of imprisonment does not exist"]; *In re Ali A.* (2006) 139 Cal.App.4th 569, 571 ["When a juvenile ward is allowed to remain in his parents' custody, there is no physical confinement and therefore no need to set a maximum term of confinement."].) If the juvenile court imposes such a term, it must be stricken. (See *In re A.C.* (2014) 224 Cal.App.4th 590, 592 ["where a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term"].)

The parties disagree whether Ian should retain his one day of credit for the time he was in custody after his arrest. The

People argue that, because Ian "was not placed in physical confinement, [he] is also not entitled to predisposition credit." Ian argues that, though he "is not currently serving a custodial sentence to which his day of credit could be applied, this does not change the fact [he] earned one day of predisposition credit that could still be applied should subsequent circumstances change."

Ian is entitled to his day of custody credit. There is no dispute he served a day in custody. Though he was placed on home probation with his parents, if he violates a term or condition of that probation, he may face confinement. The case cited by the People, *In re Lorenzo L.* (2008) 163 Cal.App.4th 1076, concerned whether the minor, while he was on electronic monitoring at his residence, was in physical confinement. (*Id.* at pp. 1079-1080.)[1] That's not an issue here; Ian was actually in custody for a day.

The disposition order is modified to strike the maximum period of confinement. The order is otherwise affirmed.

SEGAL, J.

We concur:

MARTINEZ, P. J.　　　　　FEUER, J.

---

[1] The court held he was not. (*In re Lorenzo L.*, *supra*, 163 Cal.App.4th at p. 1080.)

3