Filed 6/17/15  P. v. Johnson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NATHANIEL JOHNSON, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B257770<br>(Super. Ct. No. F439849001)<br>(San Luis Obispo County) |

Nathaniel Johnson, Jr., appeals from a postjudgment order denying his motion to correct an error in the calculation of presentence custody credits.  (Pen. Code, § 1237, subd. (b).)[1]  We reverse.

*Factual and Procedural Background*

In February 2010 appellant was convicted by a jury of three counts of robbery (§ 211) and one count of first degree residential burglary.  (§§ 459, 460, subd. (a).)  Two of the robberies were committed on January 6, 2008.  The residential burglary was committed on October 22, 2008.  The third robbery was committed six days later on October 28, 2008.  On the latter date appellant was arrested inside his apartment, where the police recovered some of the items taken during the burglaries and a backpack taken from the victim of the third robbery.

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

On two of the robbery counts, the jury found true an allegation that appellant had personally used a deadly weapon (a knife). (§ 12022, subd. (b)(1).) The trial court found true allegations of one prior serious felony conviction (§ 667, subd. (a)(1)), one prior prison term (§ 667.5, subdivision (b)), and one prior serious or violent felony conviction within the meaning of California's "Three Strikes" law. (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i).)

Appellant was sentenced to prison for 24 years, 8 months. He appealed to this court from the judgment. He did not raise the issue of presentence custody credits. In an unpublished opinion, we modified the judgment by striking a one-year prior prison term enhancement imposed pursuant to section 667.5, subdivision (b). We affirmed the judgment as modified. (*People v. Johnson, Jr.* (May 16, 2011) 2d Crim. No. B223724.) We take judicial notice of our unpublished opinion, including the recitation of the facts underlying appellant's crimes. (Evid. Code, §§ 452, subd. (d), 459.)

The trial court gave appellant credit for 311 days of presentence custody, consisting of 270 actual days and 41 days of conduct credit. The court relied on the probation report's statement that appellant had been in actual custody from October 28 to November 10, 2008, and from July 25, 2009 until sentencing on April 6, 2010. The gap between November 10, 2008 and July 25, 2009 was due to a violation of appellant's parole. Appellant was initially placed on parole on May 10, 2007. On October 28, 2008, he was arrested for the residential burglary and third robbery in this case, and a parole hold was placed against him. On November 10, 2008, he was returned to state prison. On November 17, 2008, his parole was revoked and he was recommitted to prison for a term of nine months. On July 25, 2009, he was transported from state prison to county jail, where he was arrested for the two robberies committed on January 6, 2008.

In May 2014 appellant moved for credit for the 256 days of presentence custody between November 10, 2008 and July 25, 2009.[2] The trial court denied the motion. In a

---

[2] In his motion, appellant miscalculated the number of days as 255.

minute order, it concluded that "the credits given [appellant] were accurate." The court did not explain why it had reached this conclusion.

*Standard of Review*

The sole issue on this appeal is whether appellant is entitled to credit against his sentence for the period between November 10, 2008 and July 25, 2009. "The issue involves application of a statute [section 2900.5] to undisputed facts and is subject to our independent review. [Citation.,]" (*People v. Anaya* (2007) 158 Cal.App.4th 608, 611.)

*Section 2900.5*

"[S]ection 2900.5 provides that a convicted person shall receive credit against his sentence for all days spent in custody, including presentence custody (subd. (a)), but '*only* where the custody to be credited is attributable to proceedings related to the *same conduct* for which the defendant has been convicted' (subd. (b), italics added). The statute's application is clear when the conduct that led to the conviction and sentence was the sole cause of the custody to be credited. But difficult problems arise when, as often happens, the custody for which credit is sought had multiple, unrelated causes." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1180 (*Bruner*).)

*Discussion*

The controlling authority is our Supreme Court's decision in *Bruner*, *supra*, 9 Cal.4th 1178. There, the defendant's parole was revoked based on his possession of cocaine and three earlier violations of parole. The defendant was recommitted to prison for a period of 12 months. He later pleaded guilty to possession of cocaine and was sentenced to prison for 16 months for the drug offense. The trial court denied his request for credit for the presentence time served upon revocation of his parole.

The Supreme Court upheld the trial court's ruling because the defendant was unable to show that his possession of cocaine was a "but for" cause of his presentence custody. (*Bruner*, *supra*, 9 Cal.4th at p. 1180.) The Supreme Court noted: "When arrested by parole agents, defendant had already committed a flurry of violations for which his parole had been suspended. These violations alone amply demonstrated his unsuitability for parole and made a revocation term probable entirely apart from the

3

last- minute cocaine charge which later led to his criminal conviction." (*Id*., at p. 1193.)

The Supreme Court concluded that "when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct [i.e., new offense] which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*Bruner*, *supra*, 9 Cal.4th at p. 1194.) The court continued: "It is often . . . true that a parolee or probationer would have been remanded to custody for reasons entirely unrelated to the new offense, even though the new crime also constitutes 'a' basis for such restraint." (*Id*., at p. 1193.) Accordingly, "when presentence custody may be concurrently attributable to two or more unrelated acts, and where the defendant has already received credit for such custody in another proceeding" (e.g., credit on a parole revocation term), the defendant "cannot obtain credit for confinement prior to his sentence if he cannot prove the conduct which led to the sentence was a dispositive, or 'but for' cause of the presentence custody." (*Id*., at p. 1180.)

The People contend that appellant's presentence custody upon revocation of parole may have been attributable to two or more unrelated acts: appellant's new crimes and other failures to comply with the terms of his parole. The inference of other failures is based upon statements in the probation report. Appellant's parole agent, Luce Wardlow, said "[appellant] has been 'a jerk' with her, and was completely inappropriate and out of order at his parole hearing . . . ." Wardlow also said that "reports about his behavior and compliance from his former parole agent were similarly unfavorable." As a factor in aggravation, the probation report noted, "[T]he defendant's prior performance on probation or parole was unsatisfactory." (See Cal. Rules of Court, rule 4.421(b)(5).)

But CDC Form 1244 (Rev. 4/99), entitled "Parole Violations Dispositions," shows that the revocation of appellant's parole was based solely on the residential burglary and receipt of stolen property taken in that burglary and the third robbery. Form 1244 is not in the record on appeal and was apparently not before the trial court. Pursuant to appellant's request, we have taken judicial notice of the form. It shows that the Board of Parole Hearings ordered that appellant be returned to custody for a parole violation

4

committed on October 28, 2008, the date of appellant's arrest for the residential burglary and the date of the commission of the third robbery. The violation is identified as "Burglary/RSP." "RSP" is an abbreviation for receiving stolen property. Appellant, therefore, is entitled to credit for his presentence custody between November 10, 2008 and July 25, 2009, because he has proved that "the conduct which led to the sentence [for residential burglary and the third robbery] was a dispositive, or 'but for,' cause of the presentence custody." (*Bruner*, *supra*, 9 Cal.4th at p. 1180.)

*Disposition*

The order denying appellant's postjudgment motion is reversed. The cause is remanded to the trial court with directions to grant the motion and award appellant credit for presentence custody between November 10, 2008 and July 25, 2009.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.


5

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie A. Miyoshi, Tita Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.