Filed 6/8/23  P. v. Burlew CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079996 |
| v. | (Super.Ct.No.  FVI1102788) |
| JONATHAN BURLEW, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Affirmed with directions.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E.  Winters, Chief Assistant Attorney General, Charles C.  Ragland, Assistant Attorney Generals, Christopher P. Beesley and Britton B.  Lacy, Deputy Attorney Generals, for Plaintiff and Respondent.

Defendant and appellant Jonathan Burlew appeals from the trial court's order denying his petition to amend the abstract of judgment filed on April 12, 2022. The People concede. For the reasons set forth *post*, we modify the trial court's abstract of judgment to award defendant 1,409 days of actual custody credit.

## STATEMENT OF THE CASE[1]

On January 5, 2012, an amended information charged defendant with attempted murder under Penal Code[2] sections 644 and 187, subdivision (a) (counts 1, 2); assault with a deadly weapon under section 245, subdivision (a)(1) (counts 3, 4, 6); and first degree burglary under section 459 (count 5). Moreover, the information alleged that defendant personally inflicted great bodily injury under section 12022.7, subdivision (a), as to counts 1 through 5. Furthermore, the information alleged that, as to counts 1, 2, and 5, defendant personally used a deadly and dangerous weapon under section 12022, subdivision (b)(1).

On September 18, 2015, defendant pled guilty to two counts of attempted murder (counts 1, 2), first degree burglary (count 5), and assault with a deadly weapon (count 6). Moreover, defendant admitted personally using a deadly and dangerous weapon and inflicting great bodily injury upon a victim as to the two attempted murder counts. Pursuant to the plea agreement, the trial court granted the People's motion to dismiss the two remaining counts of assault with a deadly weapon (counts 3, 4), and the court also

[1] Because this is a postjudgment appeal regarding a sentencing error, a statement of facts is unnecessary. Any pertinent facts will be provided as needed.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

2

struck the special allegations relating to the first degree burglary (count 5). Thereafter, defendant waived all presentence good time credits, but defendant did not waive any presentence actual custody credits.

On October 16, 2015, the trial court sentenced defendant to 19 years in state prison, as follows: (1) the upper term of nine years for the principal count for attempted murder (count 1), plus 3 years for the bodily injury enhancement and one year for the deadly weapon enhancement; (2) two years and four months (one-third the midterm) for the other attempted murder count (count 2), plus one year for the serious bodily injury enhancement, and four months for the deadly weapon enhancement; one year and four months (one-third the midterm) on first degree burglary (count 5); and one year (one-third the midterm) for assault with a deadly weapon (count 6).

The court's minute order from the sentencing hearing, dated October 20, 2015, stated that defendant waived "all conduct/good time credits to this point," he had been in custody for 585 actual days, and waived "824 credit time served."

The trial court filed an abstract of judgment on October 21, 2015, an amended abstract of judgment on October 18, 2017, and a second amended abstract of judgment on April 21, 2022. In the April 21, 2022, amended abstract of judgment, the court awarded defendant 585 days credit for actual time served in custody before sentencing. The court did not award any conduct credits.

On September 12, 2022, defendant filed a "Petition for Amended Abstract of Judgement" and requested that the court award 823 credits for time served before sentencing under the terms of the plea agreement. Defendant alleged that he had served

3

1,408 days of actual time in custody, from his arrest on December 8, 2011, to the date of his sentencing on October 16, 2015. On September 28, 2022, the trial court denied defendant's petition.

On October 13, 2022, defendant filed a timely notice of appeal.

## DISCUSSION

A.    THE TRIAL COURT ERRED IN CALCULATING DEFENDANT'S PRESENTENCE CREDITS

Defendant contends that "[d]ue process requires that the court grant appellant credit for actual time served before sentencing as was provided in appellant's plea agreement." Specifically, defendant argues that in his case, "he spent 1408 days of actual time in custody, from his arrest on December 8, 2011 to the date of his sentencing on October 15, 2015."[3]

The People agree with defendant. In the respondent's brief, the People state: "[The People] agree that the abstract of judgment should be amended. Pursuant to his plea agreement, [defendant] is entitled to credits for actual time in custody from his arrest date to his sentencing date. An amended abstract is necessary to correct the superior court's clerical error and accurately reflect [defendant]'s 1,409[4] presentence actual custody credits."

_____

[3] The sentencing hearing was held on October 16, 2015, not October 15, 2015.

[4] Although defendant seeks 1,408 actual credit days, the People accurately ask for 1,409 actual credit days because the sentencing hearing was held on October 16, 2015, not October 15, 2021, as alleged by defendant.

4

1.     *BACKGROUND*

On September 18, 2013, defendant entered a guilty plea and waived all presentence conduct credits. Specifically, defendant agreed to waive "all presentence good time credits under PC 2933.1 and gets only actual credits presentence." However, the minute order from defendant's sentencing hearing on October 16, 2015 states that defendant "ha[d] been in custody 585 actual days," and noted that defendant had waived "824 credit time served."

In the abstract of judgment and amended abstract of judgment filed, the "credit for time served" chart was left blank in each document. In the second amended abstract of judgment filed, the "credit for time served" chart indicated that defendant had 585 total credits, consisting of 585 actual credits and no local conduct credits.

On September 12, 2022, defendant filed a petition for an amended abstract of judgment. Defendant alleged that he served 1,408 days in actual custody from his arrest through his sentencing. Defendant contended that the abstract of judgment incorrectly excluded 823 credit for actual time served and requested that the trial court remedy this "plain error," and amend the abstract of judgment.

On September 28, 2022, the trial court denied defendant's petition and stated: "According to the sentencing minutes of Oct. 16, 2015, per plea agreement you waived all good time conduct credits to date of sentencing. The minutes also reflect you waived 824 days of credit on 10/16/15. 1,409 - 824 = 585 days of actual credit. Minutes are enclosed."

5

## 2. *CLERICAL ERRORS CAN BE CORRECTED ON APPEAL*

In their respondents brief, the People state: "[Defendant] argues that the superior court denied him due process when it failed to award him all of his actual credits presentence in accordance with his plea agreement. [Citation.] [The People] agree[] that the abstract of judgment inaccurately states the amount of presentence actual custody credits [defendant] is owed. This court should correct the clerical error." We agree with both defendant and the People.

Under sections 2900.5 and 2933.1, the Legislature set forth two types of presentence credits: actual credit and conduct credit. A defendant sentenced to state prison is ordinarily entitled to credit against the sentence imposed for all days spent in custody prior to sentencing. (§ 2900.5, subd. (a); *People v. Denman* (2013) 218 Cal.App.4th 800, 814.) A partial day, including the day of the sentencing hearing, is counted as a full day. (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.) Conduct credits are awarded according to a specific statutory formula based on the defendant's convictions. (§§ 4019, 2933.1, subd. (c).) The sentencing court has the duty to calculate the presentence actual credit days and presentence conduct credit days and must record the total credits allowed on the defendant's abstract of judgment. (§ 2900.5, subd. (d); *People v. Black* (2009) 176 Cal.App.4th 145, 154; see also Cal. Rules of Court, rules 4.310, 4.472.)

A defendant can waive his entitlement to either type of presentence custody credit. However, the waiver must be knowing and intelligent. (*People v. Lara* (2012) 54 Cal.4th 896, 903, fn. 3; *People v. Johnson* (2002) 28 Cal.4th 1050, 1054-1055.)

6

When the only issue on appeal is an error of awarded presentence credits, a defendant must first seek correction of the award with the trial court before raising the issue on appeal. (§ 1237.1; *People v. Acosta* (1996) 48 Cal.App.4th 411, 425-428.) The application of sentencing statutes to undisputed facts is subject to this court's independent review. (*People v. Anaya* (2007) 158 Cal.App.4th 608, 611.) This court can correct simple clerical or arithmetical errors regarding presentence credits without remand. (*People v. Cardenas* (2015) 239 Cal.App.4th 220, 235–236.)

In this case, it is undisputed that defendant spent 1,409 days in custody.[5] Defendant remained in custody from the date of his arrest on December 8, 2011, to and including the date of his sentencing hearing on October 16, 2015. Moreover, under the plea agreement, although defendant waived his conduct credit, he did not waive his actual time served, and there is nothing in the record to suggest that defendant waived any presentence credits after entering his plea. As such, defendant is entitled to 1,409 days of presentence credit.

Therefore, the trial court's sentencing minute order indicating that defendant "has been in custody 585 actual days" reflects a clerical or mathematical error. Prior to filing this appeal, defendant first filed a petition to correct this clerical error in calculating his presentence credit in the trial court, which the lower court denied. Therefore, this court can correct the miscalculation without remand. (See § 1237.1; *People v. Cardenas*,

---

[5] As noted *ante*, defendant has argued that he is entitled to 1,408 days of credit, instead of 1,409 days, because defendant used the erroneous date of October 15, 2015, as his sentencing hearing date.

*supra*, 239 Cal.App.4th at pp. 235-236; *People v. Acosta*, *supra*, 48 Cal.App.4th at pp. 427-428.)

Based on the above, we agree with both parties that the trial court should have awarded defendant 1,409 days of actual credit.

## DISPOSITION

The trial court is directed to correct the sentencing minute order, nunc pro tunc, to reflect 1,409 days of actual custody credits.  The court is further directed to prepare a corrected abstract of judgment to reflect 1,409 days of actual custody credits, and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

MENETREZ
J.

8