Filed 9/26/23  P. v. Russell CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ROBERT RENAY RUSSELL, Defendant and Appellant. | E080541 (Super.Ct.No. BAF1900638) OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Dismissed.

Elisabeth A. Bowman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In October 2020, Robert Renay Russell pled guilty and admitted to various crimes and enhancements related to driving under the influence, causing great bodily injury, and fleeing the scene.  (Veh. Code, §§ 23153, subds. (a) & (b), 20001, subd. (a), 23152, subd. (b); Pen. Code, §§ 12022.7, subd. (a), 1192.7, subd. (c)(8).)[1]  He also admitted to a prior strike.  (Pen. Code, §§ 667, subd. (c), 1170.12, subd. (c).)  Prior to his plea Russell was ordered to participate in Secured Continuous Remote Alcohol Monitoring.  He was eventually terminated from the program after eight confirmed drinking events.

In November 2022, more than 14 months later, he filed a "Request for Relief" under Senate Bill No. 567 and sections 2900.5 and 1203.018, which the trial court denied in December 2022.[2]  Russell appealed.

We appointed counsel to represent Russell on appeal, and counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende* if appellate counsel cannot identify any arguable issues.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227,

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] Though the court denied Russell's motion on the merits, it also noted that Russell had already brought a substantially similar motion once before and been denied. Though our record contains the ruling on that earlier motion, it does not contain the motion itself.  Because we cannot say for certain that the motions were substantially similar, and because the trial court here did decide the motion on its merits, we do not address whether it was also barred by any kind of issue preclusion.

231 (*Delgadillo*).) Nevertheless, the court is to inform the defendant that he may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*) "If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter." (*Ibid.*) Here, after appellate counsel filed a brief notifying us Russell's appeal presented no arguable issues, we offered Russell an opportunity to file a personal supplemental brief, and he did not.

However, a notice provided defendant may be "suboptimal" if the defendant "reasonably could have concluded" from it "that the court of appeal would conduct an independent review of the record, even absent a supplemental brief." (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.) As *Delgadillo* noted, independent review of the record under *Anders*/*Wende* happens automatically after receiving a brief from appointed counsel under the authority of those cases and " 'does not depend on the . . . receipt of a brief from the defendant personally,' " whereas under *Delgadillo*, "the Court of Appeal may dismiss the appeal as abandoned" "[i]f the defendant does not file a supplemental brief or letter." (*Delgadillo*, at pp. 232-233.) Thus, when *Delgadillo* applies, but the notice sent to the defendant cites only to *Anders*/*Wende*, confusion may plausibly result. The notice in *Delgadillo* had this flaw (*Delgadillo*, at p. 233), as did the notice here. As a result,

3

although Russell has not filed a supplemental brief, out of an abundance of caution, we have examined the record to determine whether there are any arguable issues. We conclude that it does not.

The appeal comes from the denial of the defendant's request for relief under two different theories: first, a request for sentencing under Senate Bill No. 567; second, a request for an award of additional custody credits under sections 2900.5 and 1203.018. Both arguments lack merit.

Turning to Senate Bill No. 567 first, we note that its changes apply retroactively only to cases that were not final as of January 1, 2022. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 465.) There is no mechanism for those serving final judgments to request resentencing under the new law after Senate Bill No. 567. The record does not disclose whether Russell appealed his 2020 judgment, and we do not know whether it was final when Senate Bill No. 567 went into effect, so Russell has not shown that his appeal was not final on January 1, 2022. If his case was not final as of January 1, 2022, due to a pending appeal, the appropriate remedy would have been to argue for retroactive application of Senate Bill No. 567 in that appeal, not to later bring a separate motion for relief which is not otherwise authorized by law.

Nor is Russell entitled to presentence custody credits under sections 2900.5 and 1203.018 for the period where he was released on his own recognizance on the condition he wore a device which monitored his alcohol consumption. Section 2900.5 requires courts to award custody credits for formal home detention as defined by

section 1203.018, but Russell was not under formal home detention. In all other circumstances where somebody is allegedly in custody though not actually incarcerated, section 2900.5 requires the award of presentence custody credits if the alleged placement meets two requirements. "First, ' "that the placement be 'custodial,' " ' and second, ' "that the custody be attributable to the proceedings relating to the same conduct for which defendant has been convicted." ' " (*People v. Davis* (2023) 87 Cal.App.5th 771, 777.) "Whether a defendant is in 'custody' for the purposes of section 2900.5 . . . is a matter of statutory interpretation, a question of law we review de novo." (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919.) "The courts which have considered the question generally focus on such factors as the extent freedom of movement is restricted, regulations governing visitation, rules regarding personal appearance, and the rigidity of the program's daily schedule. . . . [¶] . . . [T]he concept of custody generally connotes a facility rather than a home. It includes some aspect of regulation of behavior. It also includes supervision in a structured life style." (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 326-327.) In other words, "credit is available under section 2900.5 only where the imposed restrictions render the placement akin to confinement in a facility or institution." (*People v. Pottorff* (1996) 47 Cal.App.4th 1709, 1718 (*Pottorff*), italics omitted.)

For this reason, other courts have held that appellants subject to electronic monitoring or informal home detention which does not significantly restrict their movement are not "in custody" for purposes of section 2900.5. (See, e.g., *People v.*

*Anaya* (2007) 158 Cal.App.4th 608, 612-613 [holding that electronic monitoring which allowed appellant to move freely in the county but required her to make a phone call from home once a day did not constitute custody under section 2900.5]; *People v. Richter* (2005) 128 Cal.App.4th 575, 579-580 [holding time spent in work release program was not time spent in custody for purposes of section 2900.5]; *Charry v. California* (1994) 13 F.3d 1386, 1390; *Pottorff*, *supra*, 47 Cal.App.4th at pp. 1716-1720 [appellant was not similarly situated to those under home monitoring even though the court's order required that he remain at home, leave only to handle affairs related to work and his case, and remain in regular contact with a supervisory agency].)

Russell's alcohol monitoring device was significantly less restrictive than many of the other programs which courts have rejected as insufficiently custodial. The alcohol monitoring device did not restrain his movement or otherwise regulate his behavior in any manner except monitoring his alcohol consumption. Without more, this program did not qualify as either home detention or custody, and Russell is not entitled to custody credits under section 2900.5.

With no arguable issues raised, the case may be dismissed. (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.)

DISPOSITION

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____

J.

We concur:

RAMIREZ _____

P. J.

FIELDS _____

J.

7