Filed 2/15/24  P. v. Ludwig CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH JAMES LUDWIG,<br><br>    Defendant and Appellant. | D081107<br><br><br>(Super. Ct. No. SCD287753) |

APPEAL from an order of the Superior Court of San Diego County, Kenneth K. So, Judge.  Affirmed.

Kenneth James Ludwig, in pro. per.; and Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Kenneth James Ludwig pled guilty to one count of continuous sexual abuse of a child (Pen. Code,[1] § 288.5, subd. (a)) and eight counts of committing a lewd act upon a child (§ 288, subd. (a)).  In accordance with the

---

[1]    Further undesignated statutory references are to the Penal Code.

terms of his plea bargain, the trial court sentenced Ludwig to 22 years in prison.

Ludwig appeals.  His appointed appellate counsel filed an opening brief raising no arguable issues and requesting that we exercise our discretion to review the record for potential issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  Ludwig also filed a supplemental brief on his own behalf.

We have independently reviewed the record and find no arguable issue that would result in a modification or reversal of the judgment.  Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2020, Ludwig was charged by felony complaint with two counts of continuous sexual abuse of a child (§ 288.5, subd. (a)) and 25 counts of committing a lewd act upon a child (§ 288, subd. (a)) for molesting his younger sisters when the girls were under the age of 14 years old.  In July 2021, the trial court held a preliminary hearing.  Two of Ludwig's younger sisters testified at the hearing that Ludwig had molested them (and others) over the course of several years.  Much of the abuse took place when Ludwig was an adult and his sisters were between the ages of 7 and 13.  The prosecution also played a recording of a pretext call that took place between Ludwig and one of his sisters, during which Ludwig admitted to molesting all four of his younger sisters when the girls were children.

In July 2022, Ludwig pled guilty to one count of continuous sexual abuse of a child (§ 288.5, subd. (a)) and eight counts of committing a lewd act upon a child (§ 288, subd. (a)).  In exchange, the prosecution dismissed the balance of the charges filed against him in the third amended information, which included one additional count of continuous sexual abuse of a child and

2

eight additional counts of committing a lewd act upon a child. The parties agreed that Ludwig's exposure at sentencing would range from probation to 28 years in state prison. The parties further agreed the factual basis of the plea would be the third amended information's allegations underlying each count of conviction.

The trial court accepted the plea agreement by its terms and ultimately sentenced Ludwig to 22 years in prison.

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below, arguing no specific contentions as grounds for relief, and asking this court to review the entire record for error as mandated by *Wende, supra*, 25 Cal.3d 436. To assist the court in its review, and in compliance with *Anders, supra*, 386 U.S. 738, counsel identified the following possible, but not arguable, issues: (1) "Whether the sentence, in consideration of appellant's age at the time of the offenses and current health circumstances, constitute[s] cruel and unusual punishment in violation of the Eighth Amendment"; (2) "Whether the trial court abused its discretion in denying probation despite it being authorized by the plea agreement"; and (3) "Whether appellant is entitled to credits for time spent on electronic monitoring without court-ordered home supervision." Some of these issues overlap with the contentions raised by Ludwig in his supplemental brief.

None of the issues identified has arguable merit. As to the first, Ludwig's guilty plea precludes him from attacking his sentence on the ground that it constitutes cruel and unusual punishment under the Eighth Amendment. Section 1237.5 provides that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty . . . except where" the trial court has issued a certificate of probable cause for the

3

appeal. The prosecution agreed to a sentence of 0 to 28 years in prison in return for Ludwig's plea. Ludwig now claims that the sentence he received, which was within that agreed-upon range, constitutes cruel and unusual punishment. "By arguing that [his] sentence is unconstitutional, [Ludwig] is arguing that part of his plea bargain is illegal and is thus attacking the validity of the plea." (*People v. Young* (2000) 77 Cal.App.4th 827, 832 (*Young*); see also *People v. Shelton* (2006) 37 Cal.4th 759, 770–771 (*Shelton*) [same].) Ludwig did not obtain a certificate of probable cause, so he cannot contest the validity of his plea. (§ 1237.5; *Young*, at p. 832; *Shelton*, at p. 771.)

As to the second issue, we conclude that the trial court did not err in declining to grant probation. "A denial of a grant of probation generally rests within the broad discretion of the trial court and should not and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner." (*People v. Edwards* (1976) 18 Cal.3d 796, 807.) An appellate court should only interfere with the trial court's discretion in denying probation in "a very extreme case." (*People v. Kingston* (2019) 41 Cal.App.5th 272, 278, internal quotation marks omitted.) This is not one of those cases. Ludwig pled guilty to nine counts of molesting three of his younger sisters over the course of many years. The trial court emphasized that Ludwig's conduct had "caused incalculable damage to the victims" and found several aggravating factors existed, including the significant emotional injury to the victims, the fact that Ludwig took advantage of a position of trust as the victims' older brother, and the vulnerability and young age of the victims at the time the abuse took place. (See Cal. Rules of Court, rules 4.414(a)(4), 4.414(a)(9), 4.421(a)(3).) These

findings are supported by the record and establish that the court properly exercised its discretion in denying probation.

On the issue of custody credits, we also find no grounds for reversal. Defendants are generally entitled to credit for days spent "in custody." (*People v. Johnson* (2010) 183 Cal.App.4th 253, 289.) This includes pretrial and postjudgment detainees who participate in a home detention program. (*People v. Yanez* (2019) 42 Cal.App.5th 91, 93, 99–100; *People v. Gerson* (2022) 80 Cal.App.5th 1067, 1091.) Ludwig contends he is entitled to credit for the period he wore an electronic monitor prior to sentencing. However, there is no evidence that Ludwig was actually home-detained or that the electronic monitor restricted his movements in any way. We therefore conclude he was not "in custody" during the period he wore the electronic monitor and is not eligible for custody credits. (See *People v. Anaya* (2007) 158 Cal.App.4th 608, 613 [reversing an award of custody credits where the defendant's "electronic monitoring agreement did not restrict her movements"].).

Ludwig also filed his own supplemental brief raising additional contentions. None has arguable merit. Ludwig contends that his sentence is unconstitutional and the remainder of his sentence should be suspended under section 1170, subdivision (a). He further asserts that he received ineffective assistance of counsel because the statute of limitations had expired on certain of the charges against him to which he pled guilty and because counsel failed to sufficiently inform him that only his sentence would be appealable if he accepted a plea bargain, that he had the opportunity to present additional facts to the court at sentencing under section 1170, subdivision (b)(4), and that his *Harvey* waiver had significant consequences.

As we have explained, Ludwig cannot attack the constitutionality or validity of his sentence because he did not obtain a certificate of probable cause. (§ 1237.5; *Young, supra*, 77 Cal.App.4th at p. 832; *Shelton, supra*, 37 Cal.4th 759 at pp. 770–771.) To the extent Ludwig contends that the trial court abused its discretion in sentencing him to 22 years in prison, we again reject that contention. Ludwig entered a negotiated plea agreement and was sentenced in accordance with that agreement. His sentence of 22 years was within the parties' agreed-upon range of 0 to 28 years and thus properly imposed in accordance with the terms of the plea agreement. We cannot say the trial court exercised its discretion in an arbitrary or capricious manner.

Finally, Ludwig's claim that trial counsel provided ineffective assistance of counsel regarding his plea ultimately attacks the validity of that plea. Again, this claim cannot be raised on direct appeal absent a certificate of probable cause. (§ 1237.5; *Young, supra*, 77 Cal.App.4th at p. 832; *Shelton, supra*, 37 Cal.4th 759 at pp. 770–771.) Nor does the record demonstrate that his counsel's representation fell below an objective standard of reasonableness or that Ludwig suffered prejudice as a result of his counsel's representation. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688.)

We have reviewed the entire record, as required by *Anders, supra*, 386 U.S. 738, and *Wende, supra*, 25 Cal.3d 436, and determined that there are no arguable grounds for reversal. We have also determined that Ludwig received competent representation in his appeal.

6

## DISPOSITION

The judgment is affirmed.


                                        BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.