Filed 5/15/24  P. v. Delgado CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G062889 |
|    v. | (Super. Ct. No. RIF122615) |
| JOHNNY MARIONNO DELGADO, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Riverside County, John D. Molloy, Judge.  Reversed and remanded with instructions.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kathryn A. Kirschbaum and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

Johnny Marionno Delgado challenges the trial court's denial of his postjudgment motion for additional days of custody credits. He claims he was entitled to an additional three days of credits for time he spent in custody before his 2008 sentencing for multiple counts of attempted murder and other offenses. As explained below, we agree and therefore reverse the court's order and remand for the court to issue an amended abstract of judgment.

FACTS

I. *Delgado's Offenses and Arrest*

According to the probation report, on March 28, 2005, at 6:27 p.m., officers of the Riverside Police Department were dispatched to an apartment complex in the city in response to a report of a shooting.[1] When officers arrived at the scene, witnesses provided them information about the shooting, and one witness said he saw two men running to an apartment in the complex. At the same time, the victims of the shooting called police dispatch, provided their current location, and identified the suspects who shot at them, including Delgado. Officers approached the entrance to the apartment, where a woman confronted them in a hostile manner until officers subdued and arrested her. A man then came out of the apartment and also confronted the officers in a hostile manner. He was likewise subdued and arrested. The officers located Delgado in the apartment and arrested him. Officers then arrived at the victims' location and interviewed them. Delgado was released on bail on July 21, 2005, but was returned to custody on July 20, 2007.

II. *Delgado's Convictions and Sentencing*

In 2007, a jury convicted Delgado of four counts of attempted murder and several other offenses. His sentencing was set for December 2007. In a section of the probation report addressing credit for time served, the report provided March 21, 2005, as

---

[1] The reporter's transcript of the trial is not included in the appellate record.

the date of Delgado's arrest. It is undisputed that this was incorrect, as the offenses did not occur until March 28. The report also provided the correct dates of Delgado's release on bail, return to custody, and scheduled sentencing hearing. Based on those dates, the report indicated Delgado would be entitled to 271 days of actual custody credits as of the scheduled date of sentencing.

The sentencing hearing was continued and held on April 18, 2008. The sentencing court (former Judge Paul E. Zellerbach) sentenced Delgado to life in prison, plus 20 years. During the hearing, the court asked counsel if they had calculated the up-to-date number of actual custody credits. Delgado's counsel responded affirmatively and represented that Delgado had "271 days as of [the original sentencing date]" and "an additional 116 actual days for a total of 387 actual days." The court then awarded Delgado 387 days of actual custody credit.

III. *Delgado's Motion to Correct the Sentence*

In June 2023, Delgado filed an in propria persona "Motion for an Order Awarding Additional Presentence Credits." He claimed he was entitled to two additional days of actual custody credit. Delgado attached a declaration in which he stated, inter alia, that he was arrested on March 28, 2005. The trial court (Judge John D. Molloy) summarily denied the motion, and Delgado timely appealed.

DISCUSSION

Delgado claims the trial court erred by denying his motion to correct his sentence. He now contends he was entitled to three additional days of actual custody credit. As explained below, we agree.

At sentencing, a defendant is entitled to credit for all days in presentence custody, including partial days. (Pen. Code, § 2900.5, subd. (a); *People v. Adams* (2018) 28 Cal.App.5th 170, 180.) The defendant has the burden to show he is entitled to credit for any particular period. (*People v. Jacobs* (2013) 220 Cal.App.4th 67, 81.) We

3

consider de novo whether the sentencing court properly awarded custody credits. (*People v. Anaya* (2007) 158 Cal.App.4th 608, 611.)

"A trial court has inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citation.]" (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 379.) This includes the power to correct an erroneous calculation of presentence credits, "and there is no time limitation upon the right to move the trial court to correct the sentence due to miscalculation of custody credits. [Citation.]" (*Ibid.*)

The trial court erred by denying Delgado's motion to correct his sentence because the sentence included miscalculated presentence credits.[2] The record shows Delgado was arrested on March 28, 2005, and released on bail on July 21 of that year, meaning he was in custody for 116 days pre-bail. He was then returned to custody on July 20, 2007, and he remained there until his sentencing on April 18, 2008, adding 274 days of custody post-bail for a total of 390 days. The sentencing court's award of only 387 days of actual custody credit, based on defense counsel's incorrect calculation, was a clerical error requiring correction. (*People v. Humphrey, supra*, 44 Cal.App.5th at p. 379.)

The Attorney General concedes that this calculation—390 days of actual custody credit—would be correct if Delgado was in fact arrested on March 28, 2005, the date of his offenses. He contends, however, that the record on appeal does not establish this fact. We disagree.

---

[2] The parties do not address the standard of review applicable to an order denying a motion to correct a clerical order. We need not decide the issue because, based on the record, Delgado is entitled to correction of his sentence as a matter of law.

The probation report established that Delgado was arrested on March 28, 2005.[3] It showed officers were dispatched to the scene of the shooting in the early evening hours of that day and arrested the defendant shortly thereafter. To be sure, other things happened in the intervening time—both witnesses at the scene and the victims provided police with information about the shooting and the suspects, and officers subdued and arrested two other people. But the report shows this was a relatively brief chain of events, and it does not indicate an hours-long pursuit or standoff. There is no evidence suggesting a later date of arrest. Thus, Delgado was entitled to three additional days of actual custody credits, and the trial court erred by failing to correct his sentence.[4]

## DISPOSITION

The trial court's order is reversed, and the matter is remanded for the limited purpose of amending the abstract of judgment to add three days to Delgado's credits for actual time served. The clerk of the court is directed to prepare a corrected

---

[3] At sentencing, the trial court may consider reliable hearsay information in a probation report. (*People v. Cain* (2000) 82 Cal.App.4th 81, 87.) We observe that defense counsel's erroneous calculation of Delgado's custody credits, which the sentencing court accepted, was apparently based in part on the probation report's indication of an earlier arrest date. Additionally, the Attorney General references the report in his brief and does not contend the information it contained was inadmissible for purposes of determining the date of Delgado's arrest.

[4] Because a clerical error may be corrected at any time (*People v. Codinha* (2023) 92 Cal.App.5th 976, 984), we find no forfeiture in Delgado's trial court motion for only two additional days of actual custody credit.

abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

                                              O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


GOODING, J.

6